**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

SIERRA CLUB, INC., a Florida Corporation;
FLORIDA PUBLIC INTEREST RESEARCH
GROUP CITIZEN LOBBY, INC. a Florida
Corporation; SAVE OUR SUWANNEE, INC.,
a Florida Corporation; FRIENDS OF ST.
SEBASTIAN; LINDA YOUNG,

    Plaintiffs,

vs.                                                                                       Case No.: 4:04cv120-SPM/AK

MICHAEL O. LEAVITT, in his official
capacity as Administrator of the United
States Environmental Protection Agency;
JIMMY PALMER, in his official capacity as
Regional Administrator of the United States
Environmental Protection Agency, Region 4;
the UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

    Defendants,

_____/

**ORDER DENYING JOINT MOTION FOR RELIEF**

THIS CAUSE comes for consideration upon Plaintiffs' Joint Motion for Relief from Order Denying Intervention (doc. 101-1) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is DENIED.

*Procedural Background*

The underlying case to which this motion is related involves the Plaintiffs' three-count suit against the Defendants pursuant to section 101(a) of the Clean Water Act, codified at 33 U.S.C. §§ 1251-1387. The Florida Department of Environmental Protection (FDEP) filed a motion to intervene (doc. 14), which was vigorously opposed by the Plaintiffs. (Doc. 20-1). This Court denied the FDEP's motion (doc. 27), and the FDEP timely appealed ("intervention appeal"). (Doc. 34). While the intervention appeal was pending, this Court granted summary judgment in favor of the Defendants in the underlying case. (Doc. 91). Plaintiffs subsequently appealed the summary judgment ruling. (Doc. 92).

With two appeals concurrently pending before the Eleventh Circuit, Plaintiffs and the FDEP entered into a Settlement Agreement whereby Plaintiffs "withdraw their opposition to intervention by FDEP . . . and agree that the district court order that denied FDEP intervention should be vacated." (Docs. 101-1, at 2; 101-2, at 1). Plaintiffs and the FDEP filed a joint motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure requesting that this court "enter an order certifying that the Court will vacate its previous order and permit intervention upon remand by the 11th Circuit." (Doc. 101-1, at 7). The Eleventh Circuit stayed the intervention appeal pending this Court's determination of the Rule 60(b) motion. (Doc. 104).

*Function of a Rule 60(b) Motion*

Rule 60(b) is designed to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be served." Coltec Indus. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2003) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)). Rule 60(b) "encompasses a motion filed in response to an order," Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999), and enables a district court to grant relief for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) invalidity of a judgment; (5) satisfaction, release, or discharge of the judgment; or (6) any other reason justifying relief from the operation of the judgment. *Fed. R. Civ. P.* 60(b). District courts are in "a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)," Standard Oil Co. v. United States, 429 U.S. 17, 19 (1976) (quoting Wilkin v. Sunbeam Corp., 405 F.2d 165, 166 (10th Cir. 1968)), and should construe Rule 60(b) liberally "to do substantial justice." Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir. 1965).[1] Limited only to civil cases, see United States v. Fair, 1317, 1318 (11th Cir. 2003), Rule 60(b) motions

---

[1] Decisions of the Fifth Circuit prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

must state reasons for modification. Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002). When ruling on a Rule 60(b) motion, this Court takes as true the movant's factual assertions. Harduvel v. General Dynamics Corp., 801 F. Supp. 597, 604 (M.D. Fla. 1992).

### *The Joint Motion*

Plaintiffs and the FDEP neither specify under which provision of Rule 60(b) they bring their joint motion nor state additional grounds warranting modification. None of the first five provisions of Rule 60(b) are applicable here. There is no claim of mistake, inadvertence, surprise, or excusable neglect; no newly discovered evidence has been proffered; no allegation of fraud or misrepresentation has been raised; and no voided judgment occurred. See *Fed. R. Civ. Pro.* 60(b)(1)-(5). In the absence of showing that one of the first five sections of the rule applies, this Court addresses whether Rule 60(b)(6), which provides relief for "any other reason justifying relief from the operation of the judgment," is applicable. *Fed. R. Civ. P.* 60(b)(6).

The United States Supreme Court stated that Rule 60(b)(6) grants courts "broad authority to relieve a party . . . provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988) (relying upon reasoning from Klapprott v. United States, 355 U.S. 601, 613 (1949)); see also United States v. Real Property and Residence Located at

Route 1, Box 111, Firetower Road, Semmes, Mobile County, Alabama, 920 F.2d 788, 791 (11th Cir. 1991). Granting a Rule 60(b)(6) motion requires that the moving party demonstrate a valid reason justifying relief. See African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202-03 (11th Cir. 1999). Although the joint motion appears to fall within the "catch-all" terms of Rule 60(b)(6), it does not set forth valid reasons justifying relief from this Court's order denying intervention.

In this case, Plaintiffs and the FDEP acknowledge that their joint motion is a "restatement, in part, of FDEP's original request for intervention or right or permissive intervention." (Doc. 101-1). Compare with Fla. Dept. of Environ. Protection's Motion to Intervene and Memorandum of Law (doc. 14, at 14-21). Rather than advance additional grounds for intervention, the FDEP reiterates arguments previously submitted to this Court and argues once again that it has satisfied the requirements for intervention pursuant to Rule 24. (Doc. 101-1, at 3-6). Having already thoroughly considered these arguments in its previous order denying intervention (doc. 27), this Court need not address them again.

Nonetheless, just as it is "appropriate for the Court to note and consider the fact that . . . plaintiffs oppose intervention," Levin v. Miss. River Corp., 47 F.R.D. 294, 299 (S.D.N.Y. 1969), this Court also considers the fact that intervention is no longer a contentious issue between the parties. Courts have recognized that opposition to intervention among the parties is not conclusive to

a court's determination ultimately permitting or denying intervention. See Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 207 F. Supp. 252, 257 (N.D. Ill. 1962), aff'd, 315 F.2d 564 (7th Cir. 1963).  A logical corollary follows that agreement among the parties to intervention is similarly not conclusive to determining whether intervention is appropriate.  Mere agreement or stipulation by parties does not guarantee a court's approval of the terms contained therein. See, e.g., Tippman Pneumatics, LLC v. Brass Eagle, LLC, No. 1:04-CV-449, 2005 U.S. Dist. LEXIS 23649, at *2-*3 (N.D. Ind. Oct. 14, 2005) (denying a proposed protective order stipulated to by the parties).  Since neither Plaintiffs nor the FDEP advances any arguments or circumstances that might affect this Court's previous analysis, this Court finds no reason to permit intervention at this time.

      To summarize, the joint motion simply reargues the merits of the first motion for intervention and reasserts grounds that this Court previously determined were insufficient for either intervention as of right or permissive intervention. (Doc. 27, at 9-10).  In Broadway, supra, the Eighth Circuit stated that Rule 60(b) is not "not a vehicle for simple re-argument on the merits." 193 F.3d at 990.  Thus, Rule 60(b) does not permit a party to "reargue, somewhat more fully, the merits of their claim." Id. at 989-90.  As such, this Court denies the joint motion for the same reasons set forth previously. See Order Denying Motion to Intervene (doc. 27).  Since Plaintiffs and the FDEP seek the latter's

participation in the underlying appeal currently pending before the Eleventh Circuit, the FDEP may, if it desires, follow proper procedures for filing a brief as amicus curiae. See Morin v. City of Stuart, 112 F.2d 585, 585 (5th Cir. 1939).

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiffs' and the FDEP's Joint Motion for Relief from Order Denying Intervention (doc. 101-1) is DENIED.

DONE AND ORDERED this 18th day of October, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge